IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSHUA OCHOA,<br>Individually and on behalf of all others<br>similarly situated<br><br>*Plaintiff,*<br><br>v.<br><br>NITRO FLUIDS, LLC, BOBBY LEE<br>KORICANEK and JACKIE R. SIMPSON, JR.<br><br>*Defendants* | § § § § § § § § § § § § § | Civil Action No. _____<br><br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION<br><br>PURSUANT TO 29 U.S.C. § 216(b) |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Joshua Ochoa brings this action individually and on behalf of all current and former employees (hereinafter "Plaintiff and the Putative Class Members") who worked for Nitro Fluids, LLC ("Nitro"), Bobby Lee Koricanek ("Koricanek") and Jackie R. Simpson, Jr. ("Simpson") (collectively, "Defendants") and were paid on an hourly basis plus non-discretionary job bonuses for all hours worked during the past three years, to recover compensation, liquidated damages, attorneys' fees, and costs, pursuant to the provisions of Section 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b).

### I.
### OVERVIEW

1.1 This is a collective action to recover overtime wages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*

1.2 Plaintiff and the Putative Class Members are those persons who worked for Defendants within the last three years and were paid on an hourly basis plus non-discretionary job bonuses for all hours worked in the field and were actually paid overtime, but the non-discretionary bonuses were not included in the calculation of their overtime rate.

1.3     The FLSA requires that all forms of compensation—including the non-discretionary job bonuses paid to Plaintiff and the Putative Class Members —be included in the calculation of the regular rate of pay for overtime purposes.

1.4     Plaintiff and the Putative Class Members routinely work (and worked) in excess of 40 hours per workweek.

1.5     Plaintiff and the Putative Class Members were not paid the at the proper overtime rate for all hours worked in excess of forty (40) hours per workweek.

1.6     The decision by Defendants not to pay the proper overtime rate to Plaintiff and the Putative Class Members was neither reasonable nor in good faith.

1.7     Defendants knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members the proper overtime rate for all hours worked in excess of forty (40) hours per workweek.

1.8     Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA.[1] Specifically, Plaintiff and the Putative Class Members performed routine and manual labor type job duties in the oilfield.

1.9     Plaintiff and the Putative Class Members therefore seek to recover all unpaid overtime and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

## II.
## THE PARTIES

2.1     Plaintiff Joshua Ochoa ("Ochoa") worked for Defendants within the meaning of the FLSA within this judicial district within the relevant three-year period. Plaintiff Ochoa did not receive the proper overtime rate for all hours worked in excess of forty (40) hours per workweek.[2]

---

[1] All exemptions are to be narrowly construed and the burden of proof to establish them lies with the employer. *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001).

[2] The written consent of Joshua Ochoa is attached hereto as Exhibit "A."

2.2     The Putative Class Members are those current and former employees who worked for Defendants in the past three years and have been subjected to the same illegal pay system under which Plaintiff Ochoa worked and was paid.

2.3     Nitro Fluids, LLC ("Nitro") is a Texas limited liability company having its principal place of business in Nordheim, DeWitt County, Texas and may be served through its registered agent for service of process: Bobby Lee Koricanek, 117 Broadway, Nordheim, Texas 78141.

2.4     Bobby Lee Koricanek ("Koricanek") is a Governing Person of Nitro. Koricanek is an employer as defined by 29 U.S.C. § 203(d) and, along with Nitro, employed or jointly employed Plaintiff. Koricanek may be served at 117 Broadway, Nordheim, Texas 78141 or wherever he may be found.

2.5     Jackie R. Simpson, Jr. ("Simpson") is a Governing Person of Nitro. Simpson is an employer as defined by 29 U.S.C. § 203(d) and, along with Nitro, employed or jointly employed Plaintiff. Simpson may be served with process at 14714 Santa Gertrudis, Corpus Christi, Texas 78410, or wherever he may be found.

2.6     Defendants are joint employers pursuant to 29 C.F.R. § 791.2. They have common ownership, oversight and control over Nitro and Plaintiff and the Putative Class Members. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the act, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

### III.
### JURISDICTION & VENUE

3.1     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 *et. seq.*

3.2     This Court has personal jurisdiction over Defendants because the cause of action arose within this District as a result of Defendants' conduct within this District.

3.3     Venue is proper in the Southern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

3.4     Specifically, Defendants have maintained a working presence throughout this District and Division.

3.5     Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

## IV.
## FLSA COVERAGE

4.1     At all times hereinafter mentioned, Defendants have been joint employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

4.2     At all times hereinafter mentioned, Defendants have been enterprises within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

4.3     At all times hereinafter mentioned, Defendants have been enterprises engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

4.4     During the respective periods of Plaintiff and the Putative Class Members' employment by Defendants, these individuals provided services for Defendants that involved interstate commerce.

4.5     In performing the operations hereinabove described, Plaintiff and the Putative Class Members were engaged in commerce or in the production of goods for commerce within the meaning

of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

4.6     Specifically, Plaintiff and the Putative Class Members are (or were) **<u>non-exempt</u>** employees who worked for Defendants and were engaged in oilfield services that were directly essential to the production of goods for Nitro and related oil and gas exploration and production companies. 29 U.S.C. § 203(j).

4.7     At all times hereinafter mentioned, Plaintiff and the Putative Class Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V.
## FACTS

5.1     Nitro is based in Nordheim, Texas and provides oilfield services to drilling and production sites throughout the State of Texas.

5.2     Defendants Koricanek and Simpson are joint employers pursuant to 29 C.F.R. § 791.2.

5.3     Specifically, they dictate the practice goals and what pressing or tactical items need to be done in order to meet the goals of Nitro and/or their clients.

5.4     Further, Defendants Koricanek and Simpson manage key internal relationships to Nitro—that is, they direct the financials of Nitro and they control the salary and non-discretionary job bonuses/day rates of Plaintiff and the Putative Class Members who directly or indirectly report to these Defendants.

5.5     Moreover, these Defendants have the power to hire and fire Plaintiff and the Putative Class Members; supervise and control Plaintiff and the Putative Class Members' work schedules and conditions of their employment; determine their rate and method of payment; and, maintain their employment records.

5.6     As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

5.7     Plaintiff Ochoa worked for Defendants from approximately October 2014 through June 2016.

5.8     Plaintiff Ochoa and the Putative Class Members were all paid on an hourly basis plus non-discretionary job bonuses for all hours worked in the field and were actually paid overtime, but the non-discretionary bonuses were not included in the calculation of their overtime rate, but did not receive time and a half for all hours worked in excess of forty (40) in a workweek.

5.9     Plaintiff and the Putative Class Members' primary job duties included performing daily checklists, assisting with the preparation of equipment, and performing other oilfield related functions on various job sites throughout the State of Texas.

5.10    Plaintiff and the Putative Class Members would conduct their day-to-day activities within designed parameters and in accordance with pre-determined operational plans coordinated by Defendants and/or their clients.

5.11    Plaintiff and the Putative Class Members' daily and weekly activities were routine and largely governed by standardized plans, procedures, and checklists created by Defendants and/or their clients.

5.12    Virtually every job function was pre-determined by Defendants, including the tools to use at a job site, the schedule of work, and related work duties.

5.13    Plaintiff and the Putative Class Members were actually prohibited from varying their job duties outside of these predetermined parameters.

5.14 Moreover, Plaintiff and the Putative Class Members' job functions were primarily routine and manual in nature, requiring little to no official training, much less a college education or other advanced degree.

5.15 Indeed, Plaintiff and the Putative Class Members are blue-collar workers. They rely on their hands, physical skills, and energy to perform manual labor in the oilfield on a daily basis.

5.16 Plaintiff and the Putative Class Members' duties did not (and currently do not) include managerial responsibilities or the exercise of independent discretion or judgment.

5.17 Plaintiff and the Putative Class Members did not have the authority to hire or fire other employees, and they were not responsible for making hiring or firing recommendations.

5.18 Plaintiff and the Putative Class Members did not supervise two or more employees. Rather, Plaintiff and the Putative Class Members worked in two-man teams on a daily basis—that is, each assigned shift included one Operator and one Helper.

5.19 Plaintiff and the Putative Class Members worked long hours. Specifically, Defendants regularly scheduled Plaintiff and the Putative Class Members for a minimum of twelve (12) to fourteen (14) hours per day and they regularly worked a minimum of 84 hours or more per week.

5.20 Plaintiff and the Putative Class Members also received job bonuses in addition to their regular base pay (hourly rate).

5.21 The non-discretionary job bonuses paid to Plaintiff and the Putative Class Members were meant to encourage and motivate Plaintiff and the Putative Class Members to work harder and to reward them for their hard work.

5.22 The non-discretionary job bonuses were based upon a pre-determined formula established by Defendants. Moreover, specific criteria had to be met in order to receive the job bonuses.

5.23	When Plaintiff and the Putative Class Members met the criteria, they were entitled to receive the job bonuses.

5.24	The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay. Under the FLSA, the regular rate of pay is the economic reality of the arrangement between the employer and the employee. 29 C.F.R. § 778.108.

5.25	Pursuant to 29 C.F.R. § 778.209, these non-discretionary job bonuses (and any other non-discretionary compensation) should have been included in Plaintiff and the Putative Class Members' regular rates of pay before any and all overtime multipliers were applied.

5.26	Defendants denied Plaintiff and the Putative Class Members the proper amount of overtime pay as a result of a widely applicable, illegal pay practice.

5.27	Plaintiff and the Putative Class Members regularly worked in excess of forty (40) hours per week but did not receive the proper amount of overtime compensation.

5.28	Accordingly, Defendants' pay policies and practices violated the FLSA.

## VI.
## CAUSES OF ACTION

**A.	FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT**

6.1	Defendants violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

6.2	Moreover, Defendants knowingly, willfully and in reckless disregard carried out their illegal pattern of failing to pay Plaintiff and the Putative Class Members the proper amount of overtime compensation. 29 U.S.C. § 255(a).

6.3     Defendants knew or should have known their pay practices were in violation of the FLSA.

6.4     Defendants are sophisticated parties and employers, and therefore knew (or should have known) its policies were in violation of the FLSA.

6.5     Plaintiff and the Putative Class Members, on the other hand, are (and were) unsophisticated blue-collar manual laborers who trusted Defendants to pay according to the law.

6.6     The decision and practice by Defendants to not pay the proper amount of overtime was neither reasonable nor in good faith.

6.7     Accordingly, Plaintiff and the Putative Class Members are entitled to overtime wages for all hours worked pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

**B.     COLLECTIVE ACTION ALLEGATIONS**

6.8     Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all those who are (or were) similarly situated to Plaintiff Ochoa.

6.9     Other similarly situated employees have been victimized by Defendants' patterns, practices, and policies, which are in willful violation of the FLSA.

6.10    The Putative Class Members are "all current and former employees who worked for Nitro Fluids, LLC, Bobby Lee Koricanek and Jackie R. Simpson, at any time in the last three years, and were paid on an hourly basis but whose job bonuses were not included in the regular rate of pay for purposes of determining their overtime rate."

6.11    Defendants' failure to pay overtime compensation at the rates required by the FLSA results from generally applicable policies and practices, and does not depend on the personal circumstances of the Putative Class Members.

6.12 Thus, Plaintiff's experiences are typical of the experiences of the Putative Class Members.

6.13 The specific job titles or precise job requirements of the various Putative Class Members does not prevent collective treatment.

6.14 All of the Putative Class Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

6.15 Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts. Indeed, Plaintiff and the Putative Class Members are blue-collar oilfield workers entitled to overtime after forty (40) hours in a week.

6.16 Defendants employed a substantial number of workers during the past three years. Upon information and belief, these workers are geographically dispersed, residing and working in states across the country. Because these workers do not have fixed work locations, they may work in different states across the country in the course of a given year.

6.17 Absent a collective action, many members of the proposed FLSA class likely will not obtain redress of their injuries and Defendants will retain the proceeds of its rampant violations.

6.18 Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

6.19 Accordingly, the class of similarly situated Plaintiff should be defined as:

**ALL CURRENT AND FORMER EMPLOYEES WHO WORKED FOR NITRO FLUIDS, LLC, BOBBY LEE KORICANEK AND JACKIE R. SIMPSON, AT ANY TIME IN THE LAST THREE YEARS, AND WERE PAID ON AN HOURLY BASIS PLUS OVERTIME BUT WHOSE JOB BONUSES WERE NOT INCLUDED IN THE REGULAR RATE OF PAY FOR PURPOSES OF DETERMINING THEIR OVERTIME RATE.**

# VII.
# RELIEF SOUGHT

7.1 Plaintiff respectfully prays for judgment against Defendants as follows:

a. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and requiring Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

b. For an Order approving the form and content of a notice to be sent to all putative collective action members advising them of the pendency of this litigation and of their rights with respect thereto;

c. For an Order awarding Plaintiff (and those who have joined in the suit) back wages that have been improperly withheld;

d. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who have joined in the suit);

e. For an Order awarding Plaintiff (and those who have joined in the suit) the costs of this action;

f. For an Order awarding Plaintiff (and those who have joined in the suit) attorneys' fees;

g. For an Order awarding Plaintiff a service award as permitted by law;

h. For an Order compelling the accounting of the books and records of Defendants; and

i. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ *Clif Alexander*
**Clif Alexander**
Federal I.D. No. 1138436
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson**
Federal I.D. No. 777114
Texas Bar No. 24045189
austin@a2xlaw.com
**Lauren E. Braddy**
Federal I.D. No. 1122168
Texas Bar No. 24071993
lauren@a2xlaw.com
**ANDERSON2X, PLLC**
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

**ATTORNEYS IN CHARGE FOR PLAINTIFF AND PUTATIVE CLASS MEMBERS**